```
                            UNITED STATES DISTRICT COURT
                            SOUTHERN DISTRICT OF FLORIDA

                            CASE NO. 04-21090-Civ-SEITZ
                                  (01-653-Cr-SEITZ)
                            MAGISTRATE JUDGE P. A. WHITE
ANTHONY BERNARD ETHERIDGE,:

      Movant,             :

v.                        :         REPORT OF
                                    MAGISTRATE JUDGE
UNITED STATES OF AMERICA  :         FOLLOWING REMAND

      Respondent.         :
_____
```

Introduction

This matter is before this Court on remand from the Eleventh Circuit Court of Appeals, which specifically directed that the Court address the following claim:

> Whether the movant was prejudiced by counsel's deficient performance in affirmatively misleading the movant into believing that the government's 120-month plea offer was 'on the table' and that the offer would remain open unless he went to trial.

See Etheridge v. United States, 287 Fed.Appx. 806 (11th Cir. 2008); (Cv-DE#59).

This Cause has been re-referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Cases in the United States District Courts.

Procedural History

In order to place the procedural posture of this case in

context, a brief procedural history of the underlying criminal case, as well as this §2255 case is required.

On July 13, 2001, the movant was charged by Indictment with conspiracy to possess with intent to distribute five kilograms or more of cocaine, and possession with intent to distribute 500 grams or more of cocaine. Plea negotiations failed, and the government filed a notice of sentencing enhancement pursuant to 21 U.S.C. §851. The movant proceeded to trial where he was found guilty as charged following a jury verdict. Thereafter, he was sentenced to a total term of 240 months in prison. The movant appealed his convictions, claiming as a ground for reversal that his attorney was ineffective. The Eleventh Circuit affirmed the convictions without reaching the ineffective assistance of counsel claim. United States v. Etheridge, 63 Fed.Appx. 714 (11th Cir. 2003) (table).

On May 10, 2004, the movant filed the instant §2255 motion, asserting in pertinent part that he was denied effective assistance of counsel, where his lawyer, although operating under a mistaken belief, advised the movant that there was a plea offer of 120-months in prison available to him as long as he did not take the case to trial.

Following an evidentiary hearing before the undersigned, and a second, extensive evidentiary hearing before the district court, the district court found that no agreement had existed between defense counsel and the prosecutor initially assigned to the case to the effect that the government's offer to accept a guilty plea and recommend sentences totaling 120 months would be available up to the day of trial. The court further found that counsel was not ineffective for failing to memorialize his understanding of such an agreement in writing. Thereafter, the court denied the motion on

2

the finding that the movant had failed to satisfy the first prong of Strickland v. Washington, 466 U.S. 668 (1984), to-wit, that counsel was deficient in his performance.

The movant appealed, and the Eleventh Circuit thereafter noted that while the court did not clearly err in its factual findings that no binding agreement existed between the government and defense counsel to the effect that the offer of 120-months' confinement if the movant pled guilty would be kept open until trial commenced, the court did err in concluding that the evidence failed to establish a *prima facie* case as to Strickland's first prong, that counsel's performance was constitutionally deficient. Etheridge v. United States, 287 Fed.Appx. at **2. In so finding, the Eleventh Circuit determined that the "evidence showed that defense counsel continued to affirmatively mislead petitioner into believing that the 120-months' offer was 'on the table' and that the offer would remain open unless he went to trial." Etheridge v. United States, 287 Fed.Appx. at **2. Thus, the court concluded that the movant had established deficient performance pursuant to Strickland v. Washington, 466 U.S. 668 (1984). Id. The Eleventh Circuit, however, remanded finding that the district court failed to address whether the movant was prejudiced as a result of this deficiency. Id.

## Discussion of Issue on Remand

As with other claims of ineffective assistance, a defendant who claims that counsel performed ineffectively in connection with a decision to reject a plea offer must demonstrate that he suffered prejudice to prevail. Turner v. Tennessee, 664 F.Supp. 1113 (M.D. Tenn.), aff'd, 858 F.2d 1201 (6 Cir. 1988), vacated on other grounds, 492 U.S. 902 (1989), reinstated, 726 F.Supp. 1113 (M.D. Tenn. 1989), aff'd, 940 F.2d 1000 (1991), cert.denied, 502 U.S.

3

1050 (1992); accord, Johnson v. Duckworth, 793 F.2d 898, 900-02 (7 Cir.), cert.denied, 479 U.S. 937 (1986)(criminal defendant has right to effective assistance of counsel in deciding whether to accept or reject proposed plea agreement); United State ex rel. Caruso v. Zelinsky, 689 F.2d 435, 438 (3 Cir. 1982)(decision to reject plea agreement is critical stage at which right to effective assistance attaches); Beckham v. Wainwright, 639 F.2d 262, 267 (5 Cir. 1991)(incompetent advice to withdraw negotiated plea and proceed to trial violated defendant's Sixth Amendment right).

In other words, a petitioner seeking to establish prejudice must prove that there was reasonable probability that absent counsel's error he would have accepted the offer. Diaz v. United States, 930 F.2d 832, 835 (11 Cir. 1991), citing, Johnson v. Duckworth, supra; Jones v. Wood, 114 F.3d 1002 (9 Cir. 1997), and cases cited at 1012. If it is found that counsel failed to inform his client of the government's plea offer, the remedy is for the District Court to ensure that the government reinstates its original plea offer. United States v. Baylock, 29 F.3d 1458, 1468 (9 Cir. 1994).

In this case, the Eleventh Circuit has found that trial counsel was deficient by advising the movant that a 120-month plea offer would remain available to him until trial.[1] It is clear from the record that counsel did not advise the movant of the possible consequences of not immediately accepting the plea, including the

---

[1] In its recent memorandum (Cv-DE#69), the government attempts to relitigate the deficient performance of counsel, by re-arguing that the movant waived his right to effective assistance of counsel when he proceeded to trial. This argument appears to be foreclosed as correctly asserted by the movant because the government could have raised the issue on appeal, but failed to do so. The Mandate Rule, which is a "specific application of the 'law of the case' doctrine" provides that subsequent courts are "bound by any findings of fact or conclusions of law made by the court of appeals in a prior appeal of the same case." Friedman v. Market Street Mortg. Corp., 520 F.3d 1289, 1294 (11th Cir. 2008), citing Robinson v. Parrish, 720 F.2d 1548, 1549-50 (11th Cir. 1983)(citation omitted); Piambino v. Bailey, 757 F.2d 1112, 1120 (11th Cir. 1985).

4

fact that he faced a potential 851 enhancement once the original prosecuting attorney was reassigned to Washington, D.C., and a new prosecutor assigned to the movant's case.

The movant argues that had he realized that he would have been subject to the enhancement, he would have accepted the government's initial offer immediately. In fact, at the initial evidentiary hearing before the undersigned, the movant specifically testified that had counsel apprised him that he could not negotiate any better than the 120-month offer, that he would have taken the 120-month offer "in a heartbeat." (Cr-DE#33:49). The movant was unequivocal that counsel only advised him that the 120-month was "on the table," and that he was trying to negotiate a better offer, of at least a 108-month sentence. (Id.:44,49-50). According to the movant, counsel explained that if the government rejected the 108-month offer, the movant could always accept the 120-month offer.[2] (Id.:45). The movant also testified that counsel never told him he had to make an immediate decision to accept or reject the offer. (Id.:49-50). This Court credits movant's testimony that had he known he had a choice limited to ten years or twenty years, he would have taken the ten year offer in a heartbeat. Thus, the court finds that had the movant been accurately informed, he would have accepted the government's initial 120-month plea offer. See Pham v. United States, 317 F.3d 178 (2nd Cir. 2003).

Rather than receiving the 120-month sentence, the movant was ultimately sentenced to a term of 240 months in prison. This disparity between the actual sentence imposed and the 120-month sentence recommended in the plea offer negotiated with the original

---

[2] It is uncontroverted that movant's counsel was operating under a misunderstanding about the durability of the government's offer to forego the filing of an 851 enhancement. According to counsel, if he had realized that the subsequent prosecutor intended to investigate and file a notice of enhancement if the facts warranted it, he would have immediately pressed the movant for a decision because he knew that the movant had prior convictions.

prosecutor, is a factor establishing Strickland prejudice. See United States v. Cordova,[3] 164 Fed.Appx. 609, 611 (9th Cir. 2006), citing, Blaylock, 20 F.3d at 1467. If the movant can demonstrate that an increased prison term flowed from counsel's deficient performance, then he has established Strickland prejudice. See Glover v. United States, 531 U.S. 198, 200 (2001); Spriggs v. Collins, 993 F.2d 85, 88 (5th Cir. 1993)(cited in Glover). Clearly, the movant has established that his sentence was doubled based on counsel's misadvice. Thus, he has suffered prejudice pursuant to Strickland.

Remedies for the deprivation of the Sixth Amendment right to effective assistance of counsel "should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests." United States v. Morrison, 449 U.S. 361, 364 (1981). Here, the movant complains that counsel's misconduct cost him the opportunity to accept and benefit from the government's initial 120-month plea offer. The Supreme Court has indicated that specific performance of a plea agreement is a constitutionally permitted remedy. Mabry v. Johnson, 467 U.S. 504, 510 n.11 (1984); Santobello v. New York, 404 U.S. 257, 263 (1971). In this case, the movant was deprived of the opportunity to timely accept the government's plea offer. The only means by which to restore the movant to his position prior to the Sixth Amendment violation is to require the government to reinstate the original offer.

Requiring the government to reinstate the original offer would also accommodate the policy articulated by the Supreme Court in Kimmelman v. Morrison, 477 U.S. 365 (1986), where the Court held

---

[3] In Cordova, the movant was misadvised, similar to the movant in this case, that a plea offer of 12 years would remain available even if he filed a motion to dismiss the charges. There, the appellate court reversed for an evidentiary hearing on the claim of misadvise as to the rejection of the plea. Id. at 612.

6

that "[t]he Constitution constrains our ability to allocate as we see fit the cost of ineffective assistance. The Sixth Amendment mandates that the State [or the government] bear the risk of constitutionally deficient assistance of counsel." Id. at 379. Under Kimmelman, even if one might perceive that the government's competing interest might be infringed by requiring that the original offer be reinstated, a contrary result would impermissibly shift the risk of effective assistance of counsel from the government to the movant. See Blaylock, 20 F.3d at 1469.

## Conclusion

It is therefore recommended that: (1) this motion to vacate be granted; (2) the government be directed to reinstate its original plea offer without the 851 enhancement, which would presumably reduce the movant's sentence to 120 months in prison, and (3) the movant be resentenced upon his plea of guilty in a manner consistent with the original government plea offer.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 19th day of February, 2010.

                                                                            _____
                                                                            UNITED STATES MAGISTRATE JUDGE

cc:   William Norris, Esquire
      Attorney for Movant
      8870 S.W. 62nd Terrace
      Miami, FL 33173
      Phone: (305) 279-9311
      Fax: (305) 279-9026

7

Frank H. Tamen, AUSA
U.S. Attorney's Office
99 N.E. 4th Street
Miami, FL 33132
Phone: (305) 961-9022
Fax: (305) 536-7213