UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 04-21090-CIV-SEITZ/WHITE

ANTHONY BERNARD ETHERIDGE,

       Petitioner,

v.

UNITED STATES OF AMERICA,

       Respondent.
_____/

## OMNIBUS ORDER AFFIRMING MAGISTRATE'S REPORT, OVERRULING OBJECTIONS AND GRANTING HABEAS CORPUS RELIEF

THIS MATTER comes before the Court on remand from the Eleventh Circuit's ruling in *Etheridge v. United States*, 287 Fed.Appx. 806 (11th Cir. 2008). On July 30, 2006, this Court denied Petitioner Anthony Etheridge's ("hereinafter "Etheridge") motion to vacate his drug convictions pursuant to 28 U.S.C. § 2255. [DE-1, 2]. This Court denied the motion because Etheridge failed to establish that his trial counsel's conduct fell "outside the wide range of professionally competent assistance." *See* Order, pp. 2-4 [DE-44]. On appeal, the Eleventh Circuit determined that:

> the [district] court erred in concluding that the evidence failed to establish a prima facie case as to Strickland's first prong, that counsel's performance was constitutionally deficient. The evidence showed that defense counsel continued to affirmatively mislead petitioner into believing that the 120-months' offer was "on the table" and that the offer would remain open unless he went to trial. In short, petitioner carried his burden of showing that counsel's performance was deficient.

*Etheridge v. United States*, 287 Fed.Appx. 806, *808 (11th Cir. 2008). Because this Court did not consider *Strickland's* second prong, the Eleventh Circuit remanded for this Court to consider whether Etheridge suffered prejudice as a result of his attorney's conduct. *Id.* at 807-08. For the reasons set forth below, Etheridge has demonstrated that he suffered prejudice and is entitled to *habeas* relief.

I.   **FACTUAL BACKGROUND**

This case has a long and somewhat tortured history. The issue of ineffective assistance of counsel was raised for the first time in the underlying criminal case after the Government filed a Notice of Sentencing Enhancement Pursuant to 21 U.S.C. § 851 (hereinafter referred to as the "851 enhancement"), which effectively doubled Etheridge's mandatory minimum sentence from 10 years to 20 years. Govt.'s Not.[1] (*United States v. Etheridge*, No. 01-cr-00653-PAS) [CRDE[2]-59, 75]. Etheridge's trial counsel, Peter Raben ("Raben"), moved to strike the 851 enhancement because he had provided ineffective assistance of counsel to Etheridge during the plea bargaining process. Def.'s Mot., ¶7 (*United States v. Etheridge*, No. 01-cr-00653-PAS) [CRDE-70]. Specifically, Raben maintained that he failed to

> convey and recommend to Mr. Etheridge that he immediately plead guilty because the Government could unilaterally renege on its promise without notice, and that he should immediately plead guilty without further investigation or motion practice.

*Id.* The Court held an evidentiary hearing and denied the motion finding that Raben's "representations [did] not rise to the level of a constitutional deprivation under *Strickland v. Washington*, 466 U.S. 668 (1984)." *United States v. Etheridge*, No. 01-00653 (S.D. Fla. Mar. 22, 2002)(Order) [CRDE-100]; Transcript ("Tr.") of Mar. 7, 2002 [CRDE-155]. A jury ultimately found Etheridge guilty of conspiracy to posses with intent to distribute five kilograms or more of

---

[1] The Government's Notice was filed "pursuant to 21 U.S.C. §§851 (a) and 841 (b)(1)(A)" and sought an enhanced penalty against Etheridge to a mandatory minimum term of twenty years imprisonment as to Case No. 01-cr-666, and mandatory minimum term of ten years as to the offenses alleged in Case No. 01-cr-00653. Govt.'s Not., pp. 1-2 (*United States v. Etheridge*, No. 01-cr-00653-PAS) [CRDE-59]. The state case on which the Government's notice relied resulted in 15 year minimum mandatory sentence because Etheridge was organizer of a sophisticated narcotics distribution conspiracy. *See id.* at pp. 4-29. Etheridge entered a plea of nolo contendere to Counts 1-5 and 22-24. *See id.* at pp. 5-6. Counts 1 and 2 charged a violation of Florida RICO Act. *See id.* at p. 5. The Government later amended this notice to seek a mandatory minimum term of 20 years as to the offense alleged in Count One of Case No. 01-cr-00653. [CRDE-75].

[2] "CRDE" shall hereafter refer to docket entries in Case No. 01-cr-00653-PAS, Etheridge's underlying criminal case.

cocaine, in violation of 21 U.S.C. § 846 (Count 1) and possession of 500 or more grams of cocaine with intent to distribute, in violation of 21 U.S.C. §814(A)(1) (Count 2).[3] *United States v. Etheridge*, No. 01-00653 (S.D. Fla. June 14, 2002)(Judgment) [CRDE-137]. This Court sentenced Etheridge to 240 months as to Count 1 and 120 months as to Count 2, to run concurrently.[4] *Id.*

Etheridge renewed his ineffective assistance of counsel claim when he timely filed a motion to vacate pursuant to 28 U.S.C. § 2255 ("Petition").[5] [DE [6]-1]. Etheridge advanced Six Claims for ineffective assistance of counsel in support of his Petition.[7] [DE-2]. This Court

---

[3] Etheridge's criminal case was consolidated with Case No. 01-cr-00666. On April 17, 2002, Etheridge entered a plea agreement in Case No. 01-cr-00666 whereby he agreed to plead guilty to conspiracy to posses with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (Count One). *See* Plea Agr., docket entry 57. In exchange for his guilty plea, the Government agreed to strike the Notice of Sentencing Enhancement filed in Case No. 01-cr-00666 and to recommend that his sentence run concurrently with the sentence in Case No. 01-00653. *Id.* This Court sentenced Etheridge to 120 months to run concurrently with his sentence in Case No. 01-cr-00653. *See United States v. Etheridge*, No. 01-cr-00666 (S.D. Fla. June 17, 2002)(Judgment)[docket entry 66].

[4] Etheridge appealed this Court's ruling on the ineffective assistance of counsel claim in his criminal case to the Eleventh Circuit. That court stated:

> We do not address the [ineffective assistance of counsel claim]. Ineffective assistance of counsel claims - especially claims such as the one here, where to resolve the claim the court needs to hear the sworn testimony of the witnesses who possess the relevant information - should be brought in a separate proceeding under 28 U.S.C. § 2255.

*United States v. Etheridge*, 65 Fed.Appx. 714 2003 WL1876533 (11th Cir. Mar. 26, 2003); *United States v. Etheridge*, 01-00653-PAS [DE-166]. The Eleventh Circuit explained that sworn testimony was necessary because the witnesses at the March 7, 2002 evidentiary hearing testified as "officers of the court," not under oath. *Id.* at n.1.

[5] Although the Petition identifies Case No. 01-cr-00666 and Case No. 01-00253 on the first page, there is no further discussion or reference to any aspect of Case No. 01-cr-00666 in the remainder of the Petition. Magistrate White's report also only references Case No. 01-cr-00253 and there is no indication that his Report relates to Case No. 01-cr-00666. Etheridge did not object to that recommendation. Accordingly, this Order only addresses claims relating to Case No. 01-00253. *See* n.13, *infra*.

[6] "DE" shall hereafter refer to docket entries in the case at bar, No 04-21090-CIV-Seitz/White.

[7] Etheridge asserts the following ineffective assistance of counsel claims in his § 2255 Petition: Claim One - Raben failed to argue that 21 U.S.C. §841(b)(1)(A) was inapplicable. Memo., ¶¶7-13 [DE-2]; Claim Two - Raben failed to argue that Section 851 Enhancement was facially deficient. *Id.* at ¶¶14-16; Claim Three - Raben's mistakes deprived Etheridge an opportunity to make a fully informed decision regarding the Government's plea offer. *Id.* at ¶17; Claim Four - Raben failed to fully advise Etheridge about the Government's plea offer. *Id.* at ¶18; Claim Five - Raben failed to argue for suppression of wiretap evidence based on the sealing requirements of 18 U.S.C. §2518(a). *Id.* at ¶¶19-21; and Claim Six - Etheridge was denied the right to counsel of his choice. *Id.* at ¶¶12-24.

referred the matter to the Honorable Patrick A. White, United States Magistrate Judge, to submit proposed findings of fact and recommendations for the disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge White held an evidentiary hearing on January 27, 2005, where he heard testimony from Etheridge, Raben and two Assistant United States Attorneys involved in the case, William White ("AUSA White") and Michael Brown ("AUSA Brown"). *See* Tr. of Jan. 27, 2005 [DE-33].

Following the hearing, Magistrate White recommended that this Court deny all of his claims because Etheridge failed to establish ineffective assistance of counsel. Report, pp 11-12 [DE-30]. Following timely objections from Etheridge, this Court affirmed Magistrate White's findings as to Claims Two, Five and Six, but recommitted Claims One, Three and Four to Magistrate White for further consideration. *See* Court's July 12, 2005 Order, pp. 1-2 [DE-36]. Given Raben's considerable criminal experience, the Court instructed Magistrate White to specifically consider whether Raben's failure to accurately convey the consequences of inaction with respect to the plea offer and failure to reduce the Government's plea offer to writing constituted ineffective assistance of counsel. *Id.*

Magistrate White issued a Supplemental Report on August 31, 2005, recommending that this Court deny Claims One, Three and Four. [DE-39]. After Etheridge objected to the Supplemental Report, this Court set the matter for an evidentiary hearing on April 24, 2006. [DE-40, 41]. Raben and AUSA White both testified at that hearing. Thereafter, this Court entered an Order denying Etheridge's Petition and finding that Raben's conduct did not violate the first prong of *Strickland*. *See* Court's July 3, 2006 Order, pp. 1-4 [DE-44]. The Court specifically did

not reach the second prong of the *Strickland* test.[8] *Id.*

As discussed at the outset, Etheridge appealed that ruling and the Eleventh Circuit reversed finding Raben's performance constitutionally ineffective. *Etheridge,* 287 Fed.Appx. at *808. The Eleventh Circuit remanded the matter to consider whether Etheridge suffered prejudice as a result of his attorney's conduct. *Id.* at 807-08. Following remand, the Court re-referred the matter to Magistrate Judge White to submit proposed findings of fact and recommendations for the disposition of this limited issue. On February 19, 2010, Judge White issued a Report of Magistrate Judge Following Remand, which recommended that this Court find that Etheridge suffered prejudice. Report, pp. 5-6 [DE-71]. Magistrate White further recommended that the court grant Etheridge's section 2255 Petition, direct the Government to reinstate the 120-month plea offer, and sentence Etheridge anew upon his guilty plea. *Id.* at p. 7. The Government timely filed objections to the Report on March 3, 2010. [DE-72].

## II. LEGAL STANDARD

When reviewing a magistrate judge's report, a district judge reviews "*de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort v. Prem, Inc.*, No. 06-12316, 208 Fed.Appx. 781, 783-84 (11th Cir. Nov. 30, 2006) (per curiam). Further, the district judge is given discretion whether to "accept, reject, or modify" the recommended disposition made by the magistrate judge. FED. R. CIV. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

To show a violation of the right to effective assistance of counsel, a defendant must establish two elements. "First, the defendant must show that counsel's performance was

---

[8]The Court's Order neither affirmed, adopted nor rejected the Supplemental Report. [DE-44].

deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Generally, to establish prejudice a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The prejudice inquiry in the context of guilty pleas, "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "To show prejudice after a rejected plea, an individual must 'establish a reasonable probability that, absent counsel's alleged ineffective assistance, he would have accepted the plea agreement.'" *Lalani v. United States*, 315 Fed.Appx. 858, 860-61 (11th Cir. 2009)(*quoting Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991)).

### III. ANALYSIS

#### A. GOVERNMENT'S FIRST OBJECTION

The Government submitted two objections to Magistrate White's Report. The first objection provides as follows:

> the Report is incorrect in its new conclusion that, had movant been accurately informed of the evanescent nature of the government's 120-month offer, he 'would have taken the ten year deal in a heartbeat.'

Govt.'s Mot., p. 2 [DE-72]. The Government argues that this finding is incorrect because (1) it is not supported by the record; (2) it contradicts Magistrate White's previous conclusion in his February 3, 2005 Report and Recommendation; and (3) there is no objective evidence supporting Etheridge's claim that he would have accepted the 120-month plea. *Id.* at pp. 2-5 [DE-72].

To establish that Magistrate White's finding is not supported by the record, the Government directs this Court to Raben's testimony at the January 25, 2005 evidentiary hearing. *Id.* at p. 3. The testimony cited by the Government provides:

> Q:         Did your client ever say to you ... I will take the one [hundred and] twenty [months]?

-6-

      Raben:      He never said that...

*See* Tr. of Jan. 27, 2005, pp. 32-33 [DE-33]. The Government believes this testimony establishes that Etheridge never expressed a desire to accept a plea offer in preference to going to trial. Govt.'s Mot., p. 2 [DE-72]. Because he never expressed a desire to accept the original plea, the Government argues that Magistrate White erred in concluding that Etheridge would have taken the deal.

      The Court rejects the Government's suggestion that this single statement by Raben establishes that Etheridge would not have accepted a plea offer. The Government has overlooked the testimony from both Etheridge and Raben explaining exactly why Etheridge never told Raben he would accept the 120-month plea offer; Raben specifically told Etheridge to wait before deciding whether to accept the plea offer. At the April 24, 2006, hearing before this Court, Raben explained why Etheridge never stated that he would accept the 120-month plea offer:

> So I basically said to my client, We are at this stage: you can take 120 months anytime you want, but you don't have to. [The government] rejected 108 months. So the government is allowing us to litigate this motion. Let's litigate this motion because there is no price to be paid for it. And let me be a lawyer, let me defend you. And if it comes to the point where none of the silver lining to this cloud ever comes through, you have 120 months on the table. **But you don't have to decide now.**

Tr. of Apr. 24, 2006, p. 25 lns. 15-22 (emphasis added) [DE-48]. Etheridge's testimony before Magistrate White confirmed the version of events described by Raben:

> Q:      When [Raben] told you that you had one hundred and twenty months on the table, did he ever say anything about the fact that you needed to say yes or no?
>
> Etheridge:      No. He just told me we had one hundred [and] twenty [months] on the table and I am trying to get you one hundred [and] eight [months]. If it doesn't work, we can always go back and get one hundred [and] twenty [months].

Tr. of Jan. 27, 2005, pp. 44-45, 49 [DE-33]. While Etheridge is a sophisticated criminal

-7-

defendant, his failure to *express* a willingness to accept the plea offer does not evince an intent to refuse any plea that the Government has ascribed to Etheridge.[9] The testimony the Government cites simply fails to establish that Etheridge was unwilling to accept a plea. In any event, and as will be discussed in greater detail *infra*, the record contains substantial objective evidence of Etheridge's willingness to receive a 120-month sentence, which was the sentence without the 851 enhancement. The record therefore does not contradict Magistrate White's Report as suggested by the Government.

The Government next argues that Magistrate White's Report is inconsistent with his February 3, 2005 Report and Recommendation. Govt.'s Mot., p. 3 [DE-72]. In the February 5, 2005 Report, Magistrate White concluded that "the court finds the movant's testimony incredible that he would have accepted the initial ten year offer." Report, p. 13 [DE-30]. The February 19, 2010 Report provides as follows:

> This Court credits movant's testimony that had he known he had a choice limited to ten years or twenty years, he would have taken the ten year offer in a heart beat.

Report, p. 5 [DE-71]. The Government maintains, without discussion or analysis, that these inconsistences require this Court to overrule Magistrate White's Report. Govt.'s Mot., p. 4 [DE-72].

While Magistrate White's ultimate conclusions are in conflict, a close reading of the Reports reveal that these conclusions are not irreconcilably antagonistic. In the earlier Report, Magistrate White considered whether Etheridge would have accepted the ten-year plea offer "had counsel stressed the importance that the plea could be withdrawn at any time." Report, p. 13 [DE-30]. More recently, Magistrate White framed the issue differently (and correctly in light of the Eleventh Circuit's remand): whether Etheridge would have accepted the ten-year plea offer

---

[9] Etheridge was out on bond up through the trial. Thus, it appears that all of Etheridge's actions sought to maximize this time and minimize his time in prison.

"had he known he had a choice limited to ten years or twenty years."[10] Report, p. 5 [DE-71]. As a result, Magistrate White evaluated Etheridge's credibility under starkly different scenarios. The Government's argument, which focuses only on the ultimate conclusions reached by Magistrate White, necessarily overlooks these critical distinctions in framing the issues. Not surprisingly, the analysis of each issue yielded different results. Disparate results in this instance, however, do not undermine Magistrate White's credibility determinations. Magistrate White was charged with a difficult task - attempting to determine what Etheridge would have done almost a decade earlier under a set of hypothetical facts. This is not an exact science. That Magistrate found Etheridge credible and disingenuous depending on how he framed the issue is not totally unexpected. Accordingly, the Court finds Magistrate White's analysis consistent and declines to disturb his credibility determination. *See Tucker v. United States,* 249 Fed.Appx. 763, at **1 (11th Cir. 2007)("where a magistrate judge has made a credibility determination based on an assessment of witnesses' in-court testimony, we 'defer to the magistrate judge's determinations unless his understanding of the facts appears to be unbelievable.'")(quoting *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002)).

The Government next argues that Magistrate White erred because no objective evidence exists to support Etheridge's claim that he would have accepted the 120-month plea. Govt.'s Mot., pp. 4-5 [DE-72]. The Government relies on *Diaz v. United States*, 930 F.2d 832 (11th Cir. 1991) for the proposition that a movant's post-conviction testimony concerning his previous desire to plead is insufficient without objective evidence that he would have accepted a plea. Govt.'s Mot., p. 5 [DE-72]. The Government also suggests that even if objective evidence did exist, Etheridge could never satisfy *Strickland*'s prejudice prong because he consistently

---

[10]The Government did not object to the manner in which Magistrate Judge White framed the issue, only that he reached an incorrect conclusion.

maintained his innocence through a fair trial. *Id.* at p. 5(quoting *Goudie v. United States*, 323 F.Supp.2d 1320, 1335-36 (S.D.Fla. 2004)("[i]n light of Petitioner's continued protestations of innocence and absent objective evidence, the court finds that Petitioner ... cannot satisfy the prejudice prong of *Strickland* analysis.")

As an initial matter, it is incorrect statement of the law to suggest that no defendant can ever prove prejudice in rejecting a plea given a subsequent fair trial. The Eleventh Circuit has rejected this proposition, and held that a "Petitioner's [*sic*] protestations of innocence after their trial do not prevent the Petitioners from showing prejudice [under *Strickland*]." *Lalani v. United States*, 315 Fed.Appx. 858, 860-61 (11th Cir. 2009); *see also Williams v. Jones*, 571 F.3d 1086, 1090-91 (10th Cir. 2009)(no federal circuit case holds that a defendant can never prove prejudice in rejecting a plea following a fair trial.). That Etheridge ultimately received a fair trial and maintained his innocence throughout is therefore of no consequence to the instant analysis. *Lalani*, 315 Fed.Appx. at 860-61.

The Government's argument also fails because objective evidence exists here to support Magistrate White's findings. Unlike the cases cited by the Government, undisputed evidence exists in this case that Etheridge was willing, and in fact attempted, to plead guilty long before he went to trial. Not only was Etheridge actively pursuing a 108-month plea offer, but once the Government filed the Section 851 enhancement, Etheridge notified the Government and the Court that he wanted "to plead open to the two indictments without the Section 851 enhancement." *See* Def.'s Mot., ¶6, *United States v. Etheridge*, No. 01-cr-00653 [CRDE-70]. Etheridge even went so far as to move to strike the Section 851 enhancement so he could plead guilty to the indictment. *Id.* This Court is aware of no case where the objective evidence of a movant's pre-conviction willingness to plead guilty is stronger than the case at bar. The Government's suggestion that no objective evidence exists must be rejected. Accordingly, the

-10-

Court overrules the Government's first objection to Magistrate White's Report.

### B.  GOVERNMENT'S SECOND OBJECTION

The Government's second objection provides as follows:

> The second error in the Magistrate Judge's Report is his assumption that had movant been properly advised, and had he opted to accept the 120 months, it would have resolved the case at that point, and he would have received the ten year sentence he now seeks.

Govt.'s Mot., p. 5 [DE-72]. The Government argues that this assumption is inconsistent with this Court's previous finding that once the 120-month offer was initially rejected, the offer was no longer available. *Id.* (citing Order of July 3, 2006, at p. 3 [DE-44]). The Government maintains that there can be no prejudice "if the result would have been the same whatever advice he was given and whatever decision he made." *Id.* at p. 6.

While this Court previously determined that the 120-month offer was "off the table" between the time the government rejected the counter offer and before it filed the 851 enhancement, this prior discussion related to whether a binding agreement existed between the Government and defense counsel to the effect that the offer of 120-months' confinement would be kept open until trial. The Court concluded that no binding agreement existed and the Eleventh Circuit affirmed. *Etheridge,* 287 Fed.Appx. at *808. These rulings, however, do not foreclose the possibility that the parties could have entered a plea agreement prior to the filing of the 851 enhancement. The record here fails to conclusively establish if and when the Government was no longer willing to entertain the 120-month plea offer prior to filing the 851 enhancement. Because Raben misrepresented the evanescent nature of the Government's 120-month offer from almost his initial meeting with Etheridge,[11] a reasonable probability exists that Etheridge would

---

[11] Raben testified that following the Government's rejection of the 108-month counter-offer, he continued to inform Etheridge that the 120-month offer remained available as a fall-back position. *See* Tr. of Apr. 24, 2006, p. 25 lns. 15-22 (emphasis added) [DE-48].

have agreed to plead guilty before the Government filed the 851 enhancement. *Strickland*, 466 U.S. at 694 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome."); *Lalani*, 315 Fed.Appx. at 861.

The Court also rejects the Government's argument under for a different reason. In the typical plea bargain ineffective assistance of counsel case, to show prejudice after a rejected plea the relevant authorities require an individual to "establish a reasonable probability that, absent counsel's alleged ineffective assistance, he would have accepted the plea agreement." *Lalani*, 315 Fed.Appx. at 860-61. Here, however, Etheridge's opportunity to accept a plea offer effectively ended, not with the Government's retraction of the plea offer, but with the Government's filing of the 851 enhancement. Because of the unusual posture of this case, the less specific prejudice showing articulated in *Strickland* is also applicable. *Strickland*, 466 U.S. at 694 (generally, to establish prejudice, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

The Court finds that a reasonable probability existed that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Raben's testimony instructs that had he known the 120-month offer was no longer available, and that the Government planned to file an 851 enhancement, he would have arranged for Etheridge to plead open to the two indictments. *See* Def.'s Mot., ¶6, *United States v. Etheridge*, No. 01-cr-00653 [CRDE-70]; Tr. of Apr. 24, 2006, p. 33 [DE-48]. Had he pled to the indictments, the record reflects that Etheridge would not have been subject to the 851 enhancement, and the outcome of this proceeding would have been different. Etheridge is therefore entitled to *habeas* relief.

### IV. REMEDY

Having establishes Etheridge's entitlement to *habeas* relief, the Court must now fashion relief. Magistrate White recommended that the Court direct the Government to reinstate the 120-

month plea offer, and that Etheridge be sentenced anew upon his guilty plea. Report, p. 7 [DE-71]. The Government has not objected to this recommendation. While the Court agrees with and incorporates by reference Magistrate White's analysis of the appropriate remedy here, the Court believes a slight modification is appropriate. 28 U.S.C. § 2243 (federal courts are authorized to dispose of habeas corpus matters "as law and justice require."). "[A] necessary part of the Court's remedial authority includes its ability to put the defendant back in the position he would have been but for the ineffective assistance of counsel." *See United States v. Morris*, 470 F.3d 596, 600 (6th Cir. 2006). The proper relief here is to vacate Etheridge's sentence, strike the 851 enhancement and return the parties to the status quo ante. *See United States v. Morrison*, 449 U.S. 361, 364 (1981) (the district court should fashion a remedy that is "tailored to the injury suffered and [does] not unnecessarily infringe on competing interests.") Etheridge will now have the opportunity to plead guilty to Counts I and II without be subject to the 851 enhancement.

V.  **CONCLUSION**

Based on the Court's *de novo* review, the substance of Judge White's thoughtful factual and legal analysis is well taken and the Government's objections are without merit. Thus, the Court will adopt the Report with the modification discussed *supra*. Accordingly, it is.hereby

ORDERED that:

(1) The Magistrate Judge White's Report [DE -71] is AFFIRMED and ADOPTED IN PART with the modifications discussed above.

(2) Government's Objections [DE-72] are OVERRULED.

(3) Movant's Motion to Vacate Sentence [DE-1] is GRANTED.[12]

(4) Etheridge's sentence of 240 months as to Count 1 and 120 months as to Count 2 in *United States v. Etheridge*, No. 01-00653 (S.D. Fla. June 14, 2002)(Judgment)

---

[12]Etheridge's 120-month sentence in Case No. No. 01-00666 remains unaffected by this ruling. *See United States v. Etheridge*, No. 01-00666 (S.D. Fla. June 17, 2002)(Judgment)[docket entry 66]. Granting habeas relief in this case therefore will not result in Etheridge being released from custody.

is hereby VACATED.

(5) Parties shall meet and confer and contact chambers within seven (7) days of this Order to schedule a change of plea hearing.

(6) All pending motions not otherwise ruled upon are DENIED AS MOOT.

(7) This case is CLOSED.

DONE AND ORDERED in Miami, Florida, this ___3rd___ day of ~~February~~ March, 2011.

*[signature]*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Magistrate Judge White
United States Probation Department